IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD WAYNE TURNER, | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) |
| | ) |
| HOBART CHAD WOODS and | ) |
| JOHN FABICK TRACTOR COMPANY, | ) |
| | ) |
| Defendants. | ) |

**EXHIBIT A TO DEFENDANTS' NOTICE FOR REMOVAL**

**PLAINTIFF'S COMPLAINT AT LAW**

FILED
7/9/2019 2:47 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

DONALD WAYNE TURNER, )
)
        Plaintiff, )
) Case No.: 2019L007516
v. )
)
HOBERT CHAD WOODS and JOHN FABICK )
TRACTOR COMPANY, )
)
        Defendants. )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, DONALD WAYNE TURNER, by and through his attorney, THE KRYDER LAW GROUP, LLC., and complains of the Defendants, HOBERT CHAD WOODS and JOHN FABICK TRACTOR COMPANY, as follows:

### GENERAL ALLEGATIONS

1. On or about April 12, 2018, the Plaintiff, DONALD WAYNE TURNER, was the driver of a motor vehicle traveling northbound on I-57 at or near the intersection at I-57 and Campground Road in the State of Illinois.

2. On or about April 12, 2018, the Defendant, HOBERT CHAD WOODS, was the driver of a Defendant, JOHN FABICK TRACTOR COMPANY, truck traveling northbound on I-57 at or near the intersection at I-57 and Campground Road in the State of Illinois.

3. At the aforementioned time and place, the Defendant, HOBERT CHAD WOODS, failed to reduce his speed, thereby causing a rear-end collision with the Plaintiff, DONALD WAYNE TURNER.

1


EXHIBIT A

4. On or about April 12, 2018, the Defendant, JOHN FABICK TRACTOR COMPANY, owned, operated, managed, maintained, and/or controlled the vehicle that was being operated by the Defendant, HOBERT CHAD WOODS.

5. On or about April 12, 2018, the Defendant, HOBERT CHAD WOODS, was an agent and/or employee of the Defendant, JOHN FABICK TRACTOR COMPANY, and was acting within the course and scope of his employment and/or agency.

6. At all times material to this matter, the Defendant, HOBERT CHAD WOODS, was under a duty to operate his vehicle in a safe and reasonable manner consistent with the traffic laws of the State of Illinois.

7. At all times material to this matter, the Plaintiff, DONALD WAYNE TURNER, was free from contributory negligence.

8. At all times material to this matter, the Defendant, JOHN FABICK TRACTOR COMPANY, by and through its employees and/or agents, was under a duty to operate its vehicle in a safe and reasonable manner consistent with the traffic laws of the State of Illinois.

## COUNT I
## DONALD WAYNE TURNER v. HOBERT CHAD WOODS

9. The Plaintiff re-alleges and incorporates paragraphs 1-8 of this complaint.

10. At the time and place aforesaid, the Defendant, HOBERT CHAD WOODS, breached the aforementioned duty through one or more of the following acts and/or omissions:

    a. Carelessly and negligently operated, managed, and controlled said motor vehicle;

    b. Carelessly and negligently failed to give proper warning of the approach of said vehicle although such warnings were necessary to ensure the safe operation of his vehicle pursuant to 625 ILCS 5/12 601 (a);

    c. Carelessly and negligently failed to keep a proper lookout to avoid oncoming traffic;

2

    d.    Carelessly and negligently failed to pass on the left safely pursuant to 625 ILCS 5/11-705;

    e.    Carelessly and negligently failed to yield the right of way to vehicles overtaking on the right pursuant to 625 ILCS 5/11-703 (b);

    e.    Carelessly and negligently struck the Plaintiff's vehicle;

    f.    Was otherwise careless or negligent in the operation of his motor vehicle.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff, DONALD WAYNE TURNER, then and there sustained severe and permanent bodily injury and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost, and will continue to lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for large sums of money for medical care and services and will in the future expend money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, DONALD WAYNE TURNER, demands judgment against the Defendant, HOBERT CHAD WOODS, in a sum greater than $50,000 (Fifty Thousand Dollars) plus costs of this case and any additional relief this Court deems fair and just.

<b><u>COUNT II</u></b><br><b><u>DONALD WAYNE TURNER v. JOHN FABICK TRACTOR COMPANY</u></b>

12. The Plaintiff incorporated and re-alleges paragraphs 1-8 of this complaint.

13. At the time and place aforesaid, the Defendant, JOHN FABICK TRACTOR COMPANY, individually and by and through their agents and/or employees, breached this duty in one of more of the following ways:

    a.    Carelessly and negligently operated, managed, and controlled said motor vehicle;

3

    b.    Carelessly and negligently failed to give proper warning of the approach of said vehicle although such warnings were necessary to ensure the safe operation of his vehicle pursuant to 625 ILCS 5/12 601 (a);

    c.    Carelessly and negligently failed to keep a proper lookout to avoid oncoming traffic;

    d.    Carelessly and negligently failed to pass on the left safely pursuant to 625 ILCS 5/11-705;

    e.    Carelessly and negligently failed to yield the right of way to vehicles overtaking on the right pursuant to 625 ILCS 5/11-703 (b);

    e.    Carelessly and negligently struck the Plaintiff's vehicle;

    f.    Was otherwise careless or negligent in the operation of his motor vehicle.

14.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant JOHN FABICK TRACTOR COMPANY, the Plaintiff, DONALD WAYNE TURNER, then and there sustained severe and permanent bodily injury and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost, and will continue to lose, the value of that time as aforementioned. Further, the Plaintiff, DONALD WAYNE TURNER, suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for large sums of money for medical care and services and will in the future expend money for medical care and services endeavoring to become healed and cured of said injuries.

    WHEREFORE, the Plaintiff, DONALD WAYNE TURNER, demands judgment against the Defendant, JOHN FABICK TRACTOR COMPANY, in a sum greater than $50,000 (Fifty Thousand Dollars) plus costs of this case and any additional relief this Court deems fair and just.

Respectfully Submitted:

By: _____
One of Plaintiff's Attorneys

The Kryder Law Group, LLC
134 N. LaSalle St., Ste. 1515
Chicago, IL 60602
(312) 223-1700
Attorney No.: 38274

5